## PENNSYLVANIA CO. FOR INSURANCES ON LIVES AND GRANTING ANNUITIES v. SOUTH PENN COLLIERIES CO. et al.

### No. 5811.

District Court, E. D. Pennsylvania.

June 25, 1934.

Ralph W. Rymer, of Scranton, Pa., and Isaac A. Pennypacker, of Philadelphia, Pa., for exceptant.

T. R. Iserman, of Larkin, and Rathbone & Perry, of New York City, for defendants.

DICKINSON, District Judge.

These exceptions concern themselves wholly with the allowance to be made for compensation for services rendered by the receiver. The receiver deserves, for whatever consolation it may be to him, to have placed of record the commendation, in which all join, of the very productive and faithful service he has rendered to this estate. The bearing this has upon the present controversy is that the compensation allowed the receiver should be as full as legal justice permits. A comparison has been made between what has been allowed the receiver and what has been awarded to others. Upon this feature of the case we have a comment to make and seize the opportunity to make it. We do so because we feel free to speak plainly without thought of criticism of any one connected with this case, as we have not inquired into the awards made to others and have no opinion of whether they were high or low. Our purpose in referring to them is to make clear that they have no weight as precedents and cannot serve as guides to real judicial allowances. This is because receiverships very often, and indeed oftener than not, are resorted to for the purpose of effecting a reorganization of

the corporation, made defendant. This takes the form of a plan agreed upon by the creditors which includes, and of practical necessity must include, taking care of all administration expenses. Whether the reorganization is effected through a sale of the assets in their entirety or through a vacation of the receivership, the court is practically powerless to control allowances made for services rendered. No court would be justified in disrupting the plan upon which creditors were agreed to be for their advantage because it was thought the creditors had been too free with their own money nor could the plan be halted until those who were to receive the allowances were given more than they were willing to accept. Such allowances, we repeat, cannot be used to guide judicial action. The courts have no sympathy with the feeling, if there be one, to look upon corporations stranded upon the financial rocks as the inhabitants of a stern and rockbound coast in the old days regarded a vessel in distress. The effort should be to save her, not to plunder the wreck.

Nor do we see that we have concern with another feature of this case to which the receiver gives controlling importance. It is evident that the receiver exerted himself to produce results in the confident expectation that those benefited by his labors would invite him into the reorganization management. Indeed he asserts that they expressly so agreed to do. However great his disappointment or just his complaints of unfair treatment, these cannot be urged as reasons for judicial action in fixing his compensation as receiver.

There is another allusion in this record which has in truth no significance. It has been ruled by this court that allowances to receivers and their counsel concern creditors or stockholders because it is their money out of which payment is made. They in consequence have a right to be heard when the allowance is fixed. The only opportunity for them to be heard is upon the settlement of the account of the receiver or upon distribution.

In further consequence this court has always refused to allow compensation upon an ex parte application. We, however, have felt bound to recognize that in long drawn out receiverships and particularly when the business of the defendant is being conducted by the receiver, it would be unjust to require receivers and their counsel to await the day of settlement of the receivership estate before receiving any compensation for their services. Except for the circumstance that the receiver is paying himself, he would pay for such services as he pays other administration expenses.

We accordingly, on application, give him leave to make payments, but as the application is ex parte, the payment is made on his own responsibility, a credit for which must be claimed in his account, and be subject to exceptions as are other credits. Creditors thus have their day in court. Such action by the court has no significance upon the propriety or sum of the allowance which should be made.

There is another element in this controversy to which the receiver has not given its full value. What he is allowed for his services does not concern the receivership, its creditors, nor the court. The creditors qua creditors get no more nor less whatever is allowed the receiver. The controversy solely concerns the receiver and the reorganized corporation. We accepted a price for the assets, measured in part by the administration expenses, which the new organization was to pay. This was done with the approval and indeed at the instance of the receiver. It is true that ordinarily the expenses of administration would be determined by the court. The parties interested, however, agreed that what each was to receive was to be adjusted by agreement, and in the event of disagreement, should be referred to the special master as arbitrator. It is only by the arbitrary exercise of power that the court can interfere. Indeed, we would not be asked to interfere except that the receiver complains that he has been unjustly treated by the managers of the reorganized company. Had they met his expectations in providing a place for him in the reorganized company, no complaint of inadequacy in receivership compensation would have been made. However sympathetic the ear given to his real complaint, we see no justification for the interference of the court. The report of the master gives abundant evidence that he has given a full hearing to the claim of the receiver for the allowance of additional compensation, and the conclusion reached reflects the fair and best judgment of the master. It was to his judgment the parties committed themselves, and in any event that judgment is quite as likely to be right as any judgment reached by the court.

The exceptions are dismissed.